# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        Plaintiff,

v.                                                          Case No. 07C1088

**DAVID DIX, DENISE DIX, et al.**
        Defendants.

## ORDER

On December 5, 2007, plaintiff filed this action to reduce unpaid tax assessments against defendants David and Denise Dix to judgment, and to foreclose federal tax liens attached to the property of David and Denise Dix, including a home in Waukesha, Wisconsin. The complaint also names as defendants several parties who may claim an interest in the Waukesha property. Specifically, the complaint names Stephan B. Hale, who holds a mortgage on the Waukesha property; the Wisconsin Department of Revenue, which has liens on the property for unpaid state taxes; and Madison Newspapers, Inc., which had a judgment lien in its favor attached to the property.[1] Defendants David and Denise Dix did not file an answer to the complaint against them. However, David Dix did write a letter to the court explaining his situation that has prevented him from paying his and his wife's taxes. On March 10, 2008, the court held a telephonic conference to discuss whether defendant David Dix intended to answer or otherwise defend the action against him. During this telephone conference, it became clear that David Dix did not dispute the existence or validity of the assessments or the liens, but instead was merely asking the

---

[1] Madison Newspapers has filed an affidavit stating that its judgment lien has been satisfied in full, and therefore it disclaims any interest in the Waukesha property.

court to exercise its discretion against allowing a foreclosure of tax liens attached to his home. As such, the United States requested entry of default by the clerk pursuant to Fed. R. Civ. P. 55, and the clerk of court accordingly made an entry of default. The United States then filed a motion for default judgment, which is before me now.

I will first address jurisdiction. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345, which provide a district court with original jurisdiction over matters arising under the Internal Revenue laws and actions in which the United States is a plaintiff, respectively. Personal jurisdiction as to defendants David and Denise Dix are appropriate, as they are alleged to reside in Waukesha, Wisconsin, and therefore are citizens of the state of Wisconsin. The other defendants appearing in this action have not objected to personal jurisdiction.

Having concluded that jurisdiction is proper in this matter, I now turn to the request for default judgment. Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983). So long as complaint states a valid claim for relief (and the court has jurisdiction over the parties and the subject matter of the action), the court should grant default judgment. Even so, the party seeking default judgment must prove its damages. <u>Dundee</u>, 722 F.2d at 1323. The complaint here alleges that there exists several unpaid tax assessments against defendants David and Denise Dix. Specifically, assessments in the amount of $197,929.88, including interest and penalties, have been made against David and Denise Dix jointly. Further, assessments in the amount of $153,316.09, including interest and penalties, have been made against David Dix. Additionally, the complaint alleges that despite proper notice and demand for

2

payment, the assessments described above remain unpaid. The complaint also alleges that federal tax liens arose on the dates of the above assessments, pursuant to 26 U.S.C. §§ 6321 and 6322, and attached to all property belonging to David and Denise Dix, including the Waukesha home, and that proper notices of federal tax liens were filed in the Waukesha County Register of Deeds. After reviewing the allegations in the complaint, I conclude it asserts valid claims for relief for unpaid tax assessments and foreclosure of tax liens.

Turning now to requested relief, the United States has requested entry of judgment for the unpaid tax assessments in the amount of $197.929.88 against David and Denise Dix jointly, and $153,316.09 against David Dix, plus additional interest and statutory additions to tax accruing according to law after December 8, 2007. Plaintiff has submitted documentation to support these figures. Thus, I will enter judgment against David and Denise Dix for the requested amounts.

Plaintiff has also requested foreclosure of federal tax liens attached to the Waukesha home. There is no dispute as to the priority of the interests in that home held by the United States, Stephan Hale, and the Wisconsin Department of Revenue, as all of those parties have a filed a stipulation agreeing to the order of priority. However, as noted above, defendant David Dix has requested that the court exercise its discretion by not ordering a foreclosure sale of his home. As support for this request, he asserts that such a sale will cause extreme hardship to him and Denise Dix. While the relevant statute does give the court discretion in whether to order a sale of such property, 26 U.S.C. § 7403(c) ("The court . . . may decree a sale of such property.") (emphasis added), the Supreme Court has stated that this discretion is not unbridled. U.S. v. Rodgers, 461 U.S. 677, 711

(1983). Further, the Court has noted that under virtually no circumstances, for example,would it be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself. Id. Thus, I conclude that it would not be appropriate here to exercise my discretion and decline to order a foreclosure sale. I will therefore order foreclosure of the tax liens attached to the real property in Waukesha described in the complaint.

**For the reasons stated,**

**IT IS ORDERED** that plaintiffs' motion for default judgment is **GRANTED** as discussed herein.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 25 day of March, 2009.

/s
LYNN ADELMAN
District Judge

4

Case 2:07-cv-01088-LA   Filed 03/25/09   Page 4 of 4   Document 25